[No. 21179. In Bank.—January 26, 1895.]

IN THE MATTER OF THE APPLICATION OF WILLIAM CLISHAM ON HABEAS CORPUS.

VIOLATION OF MUNICIPAL ORDINANCE—SELLING LIQUOR WITHOUT LICENSE —DEFECTIVE COMPLAINT—HABEAS CORPUS.—Under a municipal ordinance requiring a license tax for the selling of liquor in each bar-room, saloon, or other place where liquor is sold, "to be drank upon the premises where sold," a complaint merely charging the defendant with carrying on " the business of selling liquor," without referring to a saloon or bar-room, or other place, or alleging that the liquors were to be drank upon the premises where sold, is fatally defective, and will not sustain a commitment for an offense against the ordinance, and a defendant committed under such a complaint will be discharged upon *habeas corpus.*

HEARING in the Supreme Court upon writ of *habeas corpus.*

The facts are stated in the opinion of the court.

*E. P. Cole,* and *Graves & Graves,* for Petitioner.

*W. H. Spencer,* for Respondent.

GAROUTTE, J.—The prisoner asks to be discharged upon *habeas corpus*, and his petition shows facts entitling him to such discharge.   An ordinance of the city of San Luis Obispo provides as follows:

"SEC. 14.   A license must be procured from the city tax-collector, . . . . and a license tax must be paid therefor for engaging in carrying on or pursuing every business or occupation mentioned hereinafter in this ordinance, within the corporate limits of the city of San Luis Obispo, as follows:

"SEC. 26.   For each bar-room, saloon, or other place where vinous, spirituous, or malt liquors are sold by the glass, bottle, or otherwise, to be drank upon the premises where sold, twenty-five dollars per quarter."

The petitioner was prosecuted and convicted for a violation of the foregoing ordinance, and is now held a prisoner by virtue of a commitment based upon such conviction.

The complaint does not state a cause of action.   It is fatally defective in not bringing the acts of petitioner within the prohibitions found in the ordinance.   A license is required for keeping or conducting a bar-room, saloon, or other place where vinous, spirituous, or malt liquors are sold . . . . to be drank upon the premises.   The complaint charges the prisoner with carrying on "the business of selling liquor."   Upon the slightest inspection of the ordinance it will be perceived that it does not forbid "the business of selling liquor."   No reference is made in the complaint to that part of the ordinance referring to "a saloon, or barroom, or other place"; and, conceding the term "liquor" to be broad enough to include "vinous, spirituous, or malt liquors," still the complaint contains no allegation that the liquors were to be drank upon the premises where sold, and this element of the ordinance is certainly a most material one, and must necessarily form a material element in the case.   The allegations of the complaint are broad enough to include a dealer who sells liquor by wholesale, and not to be drunk upon the

premises; yet the ordinance covers no such case. The allegations of the complaint are sufficiently broad to include a retail vendor who travels about the country selling liquors, and who has no "bar, or saloon, or other place"; yet the ordinance does not cover that case. The prisoner is committed for the offense "charged in the complaint," and the commitment necessarily falls with the complaint.

We conclude that the allegations of the complaint charge no violation of any ordinance of the city of San Luis Obispo to which our attention has been directed.

For the foregoing reasons the prisoner is discharged.

McFARLAND, J., HARRISON, J., VAN FLEET, J., TEMPLE, J., HENSHAW, J., and BEATTY, C. J., concurred.